**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 24-35-DLB-CJS-1**

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　**MEMORANDUM OPINION AND ORDER**

**RANDY A. KIPLING**　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

**I.　INTRODUCTION**

This matter is before the Court upon Defendant Randy A. Kipling's Motion to Suppress. (Doc. # 51). The United States having filed its Response (Doc. # 61), Kipling having filed his Reply (Doc. # 62), the Motion is ripe for review.[1] For the following reasons, Kipling's Motion is **granted in part and denied in part**.

**II.　ISSUES RAISED**

Kipling moves the Court to suppress evidence seized by law enforcement officials in February and March of 2023. (Doc. # 51 at 2). The evidence was seized after officers received and executed separate warrants to search Kipling's residence, nine electronic devices found at his residence, and his iCloud storage account.[2] (*See id.* at 2). Kipling argues that the search of his residence was unconstitutional because the officers exceeded the scope of the search warrant. (*Id.*). Kipling argues that the searches of the

---

[1]　Because neither party has requested an evidentiary hearing or oral argument on the Motion (*see* Docs. # 51 and 61-62), and the parties' briefing is sufficient to resolve the Motion, the Court concludes that a hearing or oral argument is not necessary.

[2]　The warrants were respectively issued on February 23, 2023; February 27, 2023; and March 2, 2023. (Doc. # 51 at 2).

1

electronic devices and his iCloud storage account were each unconstitutional because "the warrants lacked any nexus to the alleged illegal activity and were overbroad." (*Id.*).

In its Response, the United States principally argues that the search of Kipling's residence did not exceed the scope of the warrant and that, even if it did, the good faith exception to the exclusionary rule would apply. (Doc. # 61 at 4-6). The United States concedes that the warrant affidavits regarding the electronic devices and Kipling's iCloud account failed to establish a nexus between those items and the crimes that were being investigated. (Doc. # 61 at 1). The United States further concedes that Kipling "has standing to contest the seizure of data from his iCloud account[,]" and submits that it "does not intend to introduce evidence in its case in chief seized pursuant to the state warrant for his iCloud account." (*Id.* at 1-2). Regarding the electronic devices, the United States notes that it is Kipling's burden to show that he had a reasonable expectation of privacy in those devices and submits that he has not currently met that burden. (*Id.* at 2). The United States submits that if Defendant does ultimately establish his reasonable expectation of privacy in the devices, the United States "will not use evidence obtained from [them] pursuant to the challenged warrant in its case in chief." (*Id.*).

In his Reply, Kipling acknowledges the United States' concessions and submits a document to prove that one of the electronic devices at issue belonged to him. (Doc. # 62 at 1-3; Doc. # 62-1). Kipling also contests the United States' arguments that the search of his residence did not exceed the scope of the warrant and that the good faith exception would otherwise apply. (Doc. # 62 at 3-4).

### III. ANALYSIS

As discussed above, the United States concedes that the search of Kipling's iCloud account was unlawful and that it does not intend to use any evidence obtained from that search in its case in chief. Accordingly, Kipling's Motion is **granted** as to the search of his iCloud account. Additionally, the United States has stated that if Kipling can establish a reasonable expectation of privacy in any of the electronic devices seized from his residence, then it will not use evidence obtained from such devices in its case in chief. As an attachment to his Reply, Kipling filed a Graykey extraction report which demonstrates that one of the electronic devices—specifically, the iPhone listed as "Item 31" on the warrant affidavit—is his. (*See* Doc. # 62-1; *see also* Doc. # 53-2 at 1). Therefore, Kipling's Motion is also **granted** as to the search of Item 31.[3]

The Court now turns to Kipling's challenge to the search of his residence. According to Kipling, the officers executing the search of his residence "exceeded the scope of the warrant" by searching inside safes the officers found at the residence. (Doc. # 51 at 2, 7-9). In support, Kipling cites language in the applicable warrant which supposedly required the officers to obtain an additional court order before searching any seized containers.[4] (*Id.*). In pertinent part, the warrant described the subject evidence

---

[3]   In his Reply, Kipling states his understanding that the United States has only produced discovery regarding Item 31 "and has not produced any discovery from the other eight devices." (Doc # 62 at 2) (emphasis omitted). Kipling further states that his counsel cannot independently evaluate whether Kipling owns the other devices and submits that it is his understanding that the United States "has provided no other indication that it intends to use them." (*Id.*). Based on these submissions, the Court will not address whether any evidence obtained from the other eight devices shall be suppressed at this juncture. To the extent that the United States seeks to introduce evidence obtained from the other devices—and Kipling is able to show a reasonable expectation of privacy in them—Kipling will be free to challenge the admissibility of that evidence.

[4]   There is no dispute that the officers did not obtain a further court order specifically authorizing the search of the safes after seizing them.

3

as "[a]ny and all containers which may conceal illegal contraband, including Safes, Lock boxes and/or plastic containers" and required the officers "to safely hold any thereof [they] may find until further order of a Court of Competent Jurisdiction[.]"  (Doc. # 53-1 at 2).

Upon review, however, the Court does not read the warrant as requiring officers to obtain a separate order to search any seized containers.  Instead, the warrant is properly read as merely requiring them to maintain custody over any seized evidence until a court orders otherwise.  *See United States v. Watkins*, No. 2:04-cr-00119, 2005 WL 8149477, at *9 (S.D. Ohio. Apr. 22, 2005) (interpreting the language of a search warrant). Moreover, even if the warrant could be read as Kipling construes it, the officers were reasonable in determining that the warrant authorized them to search the safes without the need for a further court order.  And the exclusion of evidence is not warranted where an officer "acts with an objectively reasonable good-faith belief that her conduct is lawful[.]"  *United States v. Sanders*, 106 F.4th 455, 467 (6th Cir. 2024) (quoting *Davis v. United States*, 579 U.S. 229, 238 (2011)) (internal quotation marks omitted).  Therefore, Kipling's Motion is **denied** as to the search of his residence.

**IV.    CONCLUSION**

Thus, for the reasons stated above,

**IT IS ORDERED** that Defendant Randy Kipling's Motion to Suppress (Doc. # 51) is **GRANTED in part** and **DENIED in part**.  Specifically, Kipling's Motion is:

(1)    **GRANTED** with respect to the March 2, 2023 warrant authorizing the search of his iCloud storage account;

(2)    **GRANTED** with respect to the February 27, 2023 warrant authorizing the search of the iPhone listed as "Item 31" on the warrant affidavit;

4

(3)   **DENIED WITHOUT PREJUDICE** with respect to the February 27, 2023 warrant authorizing the search of the other electronic devices listed on the warrant affidavit; and

(4)   **DENIED** with respect to the February 23, 2023 warrant authorizing the search of Kipling's residence.

**IT IS FURTHER ORDERED** that this case is scheduled for a **Scheduling Conference** on Wednesday, **September 10, 2025 at 11:00 a.m.** in Covington.

This 26th day of August, 2025.

Signed By:
*David L. Bunning*   DB
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2024\24-35-1 MOO re MTS.docx